# DAVID S. BARGER

*v.*

# ELBERT R. HOBBS.

1. BILL OF EXCEPTIONS—*presumption in absence of.* Where a plea, stricken from the files, is not preserved in the record and the ruling of the court thereon is not preserved by bill of exceptions, it will be presumed that the court acted rightly in striking the plea from the files.

2. DEED—*must be under seal.* A paper, purporting to be a deed, is not valid for the purpose of conveying title, unless it is under seal, yet, when a person enters into possession under such a paper, it is admissible in evidence for the purpose of showing the extent of his possession, and what he claimed by his possession.

3. POSSESSION—*extent of, how shown.* A party who enters into possession of land under a conveyance from a party having no title to convey, or under a paper purporting to be a deed, without a seal, is presumed to enter according to the description in such conveyance or paper, and his occupancy of part claiming the whole, is construed as a possession of the entire tract which the instrument purports to convey.

4. EJECTMENT—*title to justify a recovery—possession.* It is well settled, both upon common law authority and by the decisions of this court, that in an action of ejectment, proof of prior possession by the plaintiff claiming to be the owner in fee, is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery, unless the defendant shall show a better title.

5. SAME—*effect of judgment in.* When the title is adjudicated on the trial of an action of ejectment, the judgment is conclusive as to the title established, between the parties and their privies.

6. EVIDENCE—*parol testimony to show matters litigated in a former suit.* Where a former recovery is relied on, and it appears *prima facie* from the record that a question has been adjudicated, it may be shown by parol testimony that such question was not, in fact, decided in the former suit.

7. Thus, when, on the trial of an action of ejectment, a judgment in a former suit by the plaintiff for the same and other lands, in which no recovery was had for the land claimed in the second suit, was set up in bar: *Held*, that it was competent to prove, by parol testimony, that on the trial of the former suit, the plaintiff's attorney, in addressing the jury, only asked a verdict for the land recovered in that suit, and withdrew from the jury all the evidence relating to the other land.

8. DESCENT. Where the owner of land died, leaving a widow, and a child as his only heir, and the widow died in six days after, and the child in ten days, it was *held*, that the land descended to the child's maternal grandfather and not to its paternal aunt, the grandfather, according to the civil law, being related to the child in the second degree, while the aunt was related to it in the third degree.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was an action of ejectment, brought by defendant in error against plaintiff in error, to recover possession of the north half of the northeast quarter of the southeast quarter, the southwest quarter of the southeast quarter, and the northwest quarter of the southeast quarter, in section twenty-two, township twelve south, range eight east, in Hardin county.

The general issue was pleaded, and also a plea of former recovery, but this was stricken from the files and is not preserved in the bill of exceptions.

The verdict of the jury was for the plaintiff, for the lands described. The court gave judgment upon the verdict, and the defendant brings the case here by writ of error.

The facts proved upon the trial, as shown by the record, are substantially these: Asa Twitchell lived on the land in controversy, some thirty or forty years, and until he conveyed it, or attempted to convey it, to his son Austin Twitchell. A considerable portion of the west half of said southeast quarter was cleared land, but little, or none, of the north half of the northeast quarter of the southeast quarter was cleared. On the 30th day of May, 1849, Asa Twitchell and wife executed and acknowledged an instrument in writing, without any seals or scrolls attached to their signatures, purporting to convey to Austin Twitchell the southwest quarter of the southeast quarter, and the south half of the northeast quarter of the southeast quarter of section twenty-two, in township twelve south, range eight east, in fee simple. On the 27th day of December, 1854, Hiram Barger and Adaline

S., his wife, by deed of that date, conveyed to Austin' Twitchell the north half of the west half of the southeast quarter of section twenty-two, in township twelve south, range eight east, in fee simple. And on the 6th day of April, 1855, Asa Twitchell and wife, by deed of that date, conveyed to Austin Twitchell twenty acres of land off the north end of the east half of the southeast quarter of section twenty-two, in township twelve south, range eight east, in fee simple. These deeds, including the instrument in writing without the seals or scrolls, were duly recorded in the office of the clerk of the circuit court of Hardin county, and copies of them, after the making of the necessary preliminary affidavits, were read in evidence over the objections of defendant in error, to which he, at the time, excepted. Asa Twitchell died, leaving surviving him as his heirs at law, only two children, Austin Twitchell and Adaline S. Barger, wife of Hiram Barger. Austin Twitchell took possession of the lands in controversy under these conveyances, and occupied them some twelve or thirteen years, and up to the time of his death, which occurred on the lands in February, 1863. During the time he so occupied them he was seen to pay taxes on them two or three times, and he built fences, and raised corn upon them, and used them as other farmers use their lands. No one ever disputed his title, either before or since his death.

At the time of his death, Austin Twitchell left surviving him a widow, Jane E., who was the daughter of Abraham Hobbs, and an only child, James W., then less than one year old, his only heir at law. The widow, Jane E., died five or six days after the death of her husband, and the child, James W., died about ten days after that. At the time of the death of the child, its nearest surviving kindred were its grandfather on its mother's side, Abraham Hobbs, and its aunt on its father's side, Adaline S. Barger, wife of Hiram Barger.

On the 8th day of September, 1863, Abraham Hobbs, by deed of that date, conveyed the southeast quarter of section twenty-two, in township twelve south, range eight east, to

the defendant in error, Elbert R. Hobbs, in fee simple. This deed was also duly recorded in the office of the clerk of the circuit court of Hardin county, and, after the making of the necessary preliminary affidavits, a copy thereof was read in evidence over the defendant's objection, to which he, at the time, excepted.

Defendant in error was in possession of the lands, and occupied them by a tenant until in October, 1870, when the tenant left. There was a house upon the land in which the tenant lived, and when he left he fastened the doors. About Christmas, 1870, there being no one then residing upon the land, plaintiff in error entered the house by pulling out a staple which fastened the north door. He swears that he entered of his own accord, but that he is tenant to his father, Hiram S. Barger. Of this there is, however, no other proof than this declaration. He has retained possession since that time.

Defendant in error brought an action of ejectment against Hiram S. Barger, to recover the possession of the southeast quarter of section twenty-two, in township twelve south, range eight east, and it was tried at the April term, 1868, of the Hardin circuit court. On the trial of that case the plaintiff's attorney, after all the evidence was heard, and while he was addressing the jury, said to the jury, that he only claimed to recover in that suit the southeast quarter of the southeast quarter, and the south half of the northeast quarter of the southeast quarter of section twenty-two, and that he withdrew all evidence from their consideration except what related to those tracts; and the jury rendered a verdict for the plaintiff for those tracts only, and the court gave judgment upon their verdict.

On the 28th day of April, 1871, and since the commencement of this suit, an order of the Hardin circuit court was entered of record, purporting to be made in the last named case, in these words: "In this cause, there having been a motion at the last term of this court for a writ of possession for defendant, and upon the plaintiff taking a non-suit, it is

ordered that the defendant have a writ of possession," etc. Plaintiff in error offered to read this order in evidence to the jury, but on objection by defendant in error, the court refused to allow the same to be given in evidence for the reason that the order was not, in fact, made in that case, but in another and different case, wherein defendant in error was plaintiff and Adaline S. Barger was defendant, and the court ordered the record to be so corrected. To this, also, the plaintiff in error at the time excepted. The record, as amended, was then read in evidence.

Mr. JAMES M. WARREN, for the plaintiff in error.

Mr. WESLEY SLOAN, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The errors assigned upon this record are embraced in four objections:

1. Striking the plea of former recovery from the files.

2. Admitting in evidence the instrument in writing without a scroll or seal, purporting to be a deed by Asa Twitchell and wife to Austin Twitchell, dated May 30, 1849.

3. Admitting evidence of what the attorney said to the jury, on the trial of the action of ejectment in favor of defendant in error and against Hiram S. Barger, in regard to what land he claimed a verdict for, and what he withdrew from their consideration.

4. That the verdict is not supported by the evidence.

We will notice these objections in the order we have stated them.

1. As the plea of former recovery is not in the record, it is impossible for us to know anything about it. The orders and judgments of the circuit court are presumed to be correct, and it is only when they are clearly shown by the record to be otherwise, that we are authorized to disturb them. If counsel desired us to pass upon the correctness of this ruling

of the circuit court, he should have preserved the plea and the ruling of the court thereon in his bill of exceptions. Not having done so, we must presume that the court properly struck the plea from the files.

2.   While it is certainly true that it requires a seal or scroll to make a deed valid for the purpose of conveying real estate under our law, it does not follow that title may not be proved otherwise than by deed, or that an instrument, ineffectual of itself as a conveyance, is incompetent for every purpose where the title to real estate is in controversy. This court held, in *Watts* v. *Parker*, 27 Ill. 229, that an actual, open and notorious possession of land in defiance of the whole world, might, of itself, ripen into a perfect title, and that color of title may be shown by a successive number of conveyances, although one of them is without a seal or scroll. And it is perfectly well settled, both upon common law authority and by decisions of this court, that in an action of ejectment, proof of prior possession by the plaintiff, claiming to be the owner in fee, is *prima facie* evidence of ownership and seizin, and is sufficient to authorize a recovery, unless the defendant shall show a better title.    *Jackson* v. *Hazen*, 2 Johns. 21; *Jackson* v. *Harden*, 4 ib. 202; *Robinoe* v. *Doe*, 7 Blackford, 86; *Day* v. *Alverson*, 9 Wend. 223; *Herbert* v. *Herbert*, Breese (Beecher Ed.) 357; *Mason* v. *Park*, 2 Scam. 533; *Davis* v. *Easley*, 13 Ill. 98; *Brooks* v. *Bruyn*, 18 ib. 539. And a party who enters into the possession of land under a conveyance, though from a person having no title, is presumed to enter according to the description in the deed, and his occupancy of a part, claiming the whole, is construed as a possession of the entire tract.    *Davis* v. *Easley*, and *Brooks* v. *Bruyn, supra*; *Prettyman* v. *Wilkey*, 19 Ill. 241.

In the present case, Austin Twitchell was in possession under the instrument executed by Asa Twitchell and wife to him on the 30th day of May, 1849, and which lacked only the formality of a scroll to make it a perfect conveyance, for some twelve or thirteen years, using the premises therein

described as his own, and his title meanwhile being disputed by none. This instrument, therefore, while it did not, of itself, convey title, showed how and why he was possessed of the land. It was evidence of what he claimed by his possession, and for this purpose it was properly submitted to the jury.

3. It is undoubtedly true, that where, in an action of ejectment, the title is adjudicated, the judgment is conclusive as to the title established, between the parties and their privies. But that question does not arise on this record. The question here is, whether the title to the property now in controversy was in fact adjudicated or not, in the action of ejectment in favor of defendant in error and against Hiram S. Barger, and whether the evidence introduced in the court below was competent to prove that fact.

The rule is thus accurately and concisely stated by Mr. Justice BARROWS in *Sturtevant* v. *Randall*, 53 Maine, 149: "What appears by the record is to be proved by the record only, and nothing contradictory thereto can be admitted; but what need not, and in fact does not, appear by the record, if necessary to establish the identity of the subject matter, or of the grounds upon which the judgment proceeded, may be supplied by parol proof, to the extent of showing whether matters that might have been admissible under the pleadings were, or were not, actually presented and considered in the adjudication." See also, Bigelow on Estoppel, 5, *Shepard* v. *Butterfield*, 41 Ill. 76.

If it appears *prima facie* that a question has been adjudicated, it may be proved by parol testimony that such question was not in fact decided in the former suit. Freeman on Judgments, 243, sec. 274.

It was, therefore, competent to prove, as was done, that, on the trial of the case alluded to, the attorney of defendant in error only asked a verdict for the lands described in the verdict, and that he withdrew from the consideration of the jury all evidence relating to the lands now in controversy.

4. The evidence abundantly sustains the verdict of the jury. The defendant was a mere intruder, without the shadow of a legal right in the premises. Upon the death of Austin Twitchell his estate descended to his infant son, James W., and upon his death it ascended to his maternal grandfather, Abraham Hobbs, who, computing by the rules of the civil law, was related to him in the second degree, while his aunt, Adaline S. Barger, was related to him only in the third degree. 2d Domat's Civil Law (Cushing's Ed.) 197, secs. 2832, 2834; and his title was conveyed to defendant in error by deed. This, accompanied by prior possession of the property, was sufficient proof of a fee simple title, at least, until it was disproved or a better title established by other evidence.

The instructions are not liable to the objections urged against them. They correctly apply the law to the facts of the case. But, even if they were objectionable, as we think the verdict of the jury is authorized by the law under the evidence, we would not disturb it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*