CLARA C. IRWIN *et al.*

*v.*

PERRY P. POWELL *et al.*

Opinion filed December 20, 1900.

1. CONTRACTS—*when agreement relating to release of dower passes no legal title.* An unsealed agreement by the owners of the fee to pay to the dowress one-quarter of the net proceeds of certain property in consideration of her relinquishing her dower right in the same passes no legal title to the dowress or her heirs.

2. SAME—*parol evidence admissible to explain sense in which terms were used.* If it is not certain from the face of a contract in what sense terms were used by the parties, parol evidence is admissible to enable the court to determine in what sense such terms were understood by them.

3. PARTITION—*when contract does not furnish sufficient basis for partition.* Heirs of a dowress cannot base their right to a partition of property upon an agreement by the owners of the fee to pay to the dowress "one-quarter of the net proceeds" of the property in consideration of her relinquishing her dower rights therein, where it is shown by the evidence that the object of the agreement, as understood by the parties thereto, was to secure one-quarter of the rent of the property to the dowress for life.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

EDWY LOGAN REEVES, for appellants.

CHARLES H. JACKSON, (CHARLES LANE, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Aramesia Powell was the widow of George N. Powell. There was a proceeding in the circuit court of Cook county, in 1861, to partition lands which he owned at his death, and her dower was set off to her, including, as it was afterward subdivided, lot 37 in Powell's subdivision of lot 8 in said circuit court partition of the Powell estate, being part of the north-east quarter of section 36, town-

ship 40, north, range 13, east of the third principal meridian, in Cook county. The title to said lot was vested in John F. Powell, Perry P. Powell and William H. Powell, sons of said George N. Powell, subject to the dower of their said mother. She was married three times. Her second husband was John Jenkins and her third was Theodore Mismer. William H. Powell conveyed his one-third interest in said premises to George H. Powell, his son, and afterward died. On June 15, 1897, said Aramesia Mismer and Theodore Mismer, her husband, executed a quit-claim deed to said John F. Powell, Perry P. Powell and George H. Powell, the owners of the fee, conveying all her interest in lot 37 except the east eighty feet thereof. This deed was acknowledged June 17, 1897, and filed for record July 14, 1897. On June 17, 1897, the grantees in said deed executed the following written agreement:

"CHICAGO, *June 17, 1897.*

"We agree to pay to Mrs. Aramesia Mismer one-quarter of the net proceeds from all of lot 37, Powell estate, excepting the east eighty feet, in consideration of her relinquishing her dower rights in same.

JOHN F. POWELL,
PERRY P. POWELL,
GEORGE H. POWELL."

Aramesia Mismer died on or about June 4, 1898, intestate, leaving said Theodore Mismer, her husband, and said John F. Powell and Perry P. Powell, her sons, said George H. Powell, her grandson, Elizabeth A. Irwin, a daughter, and John Joseph Jenkins, a grandson, heirs through the second marriage, and Clara C. Irwin, a daughter born of the third marriage, her only heirs-at-law. John Joseph Jenkins died, leaving his mother, Emma Jenkins, his only heir-at-law. The said Clara C. Irwin, and Elizabeth Irwin, in her own right and as assignee of the interest of Emma Jenkins, with their husbands, and Theodore Mismer, filed their bills in this case in the circuit court of Cook county for partition of said premises and other lands, claiming that Aramesia Mismer was the

owner of an undivided one-fourth interest in said premises by virtue of said written agreement. The circuit court found against complainants as to said premises, and construed the agreement as not conveying title to her, and complainants appealed.

There are no words of conveyance in the contract and it gave to Aramesia Mismer no dominion over the land. It contains no grant of any interest or estate in the premises, nor is it an agreement to convey a title or estate. It is a mere promise to pay Aramesia Mismer one-fourth of the net proceeds from the lot. It is not under seal, and for that reason, also, did not pass any legal title to the premises. (*Barger* v. *Hobbs*, 67 Ill. 592; *Barrett* v. *Hinckley*, 124 id. 32; *Cross* v. *Weare Commission Co.* 153 id. 499.) It is contended, however, that the contract gave to her an equitable estate in the premises to the extent of one-fourth; that her interest was not limited, by the language of the agreement, to her life; that her heirs are entitled to the legal estate, and that the court in this partition suit may declare such title and vest it in her heirs. On the other hand, it is insisted that the agreement was a mere promise to pay over a share of the rents during her lifetime.

The agreement was for one-fourth of the proceeds, and this term might have been intended to mean the rents of the premises, or the proceeds of a sale, if a sale was to be made. It was an agreement for a share of proceeds in lieu of dower, which was a life estate, and the instrument does not expressly declare whether the share of proceeds was to run during the same term as the dower estate which was released, or what the term should be. It is not certain from the face of the instrument in what sense the terms were used by the parties, and the defendants introduced oral testimony to place the court in the position of said parties and to enable the court to determine the sense in which the words were understood by them. This was not for the purpose

of contradicting or varying the language actually employed, but to determine the intent of the parties, and evidence of that kind was competent. Some of this evidence consisted of testimony of the defendants, which was objected to on the ground that they were not competent witnesses, since complainants were suing as the heirs-at-law of Aramesia Mismer to recover their inheritance. Those witnesses were not competent, but there was competent testimony, which was admissible and not objected to, showing the situation of the parties. Ignoring the incompetent testimony, it appears from the evidence that there was no intention of any of the parties to sell the property, so that they could not have intended by the proceeds to mean proceeds of a sale. The property was unproductive. There had been on lot 37 a hotel known as the "Powell Tavern," which was built about 1838 and which became a part of the widow's dower. About 1871 or 1872 a new building was erected in its place by the three sons, John F. Powell, Perry P. Powell and William H. Powell, and the mother contributed no part of the cost. After that, she received the rent and divided the net proceeds between the three sons and herself in equal parts, one-fourth to each. About the year 1886 this building was moved to the east eighty feet, and the remainder of the lot which is mentioned in the agreement was unproductive. The sons wanted to improve the property, but the mother refused to mortgage it. She executed the deed, and they gave her this agreement and mortgaged the lot themselves for $21,000 and again for $6000, and erected a brick and stone building thereon, containing eleven stores and eleven flats, at a cost of $35,000. The mother contributed nothing to the building, and in talking about the agreement said that she was to have one-fourth of the rents as long as she lived. She said the property had never brought any income, and her statements showed a construction of the agreement on her part that she was to have one-fourth of the net

income as long as she lived. The building was completed about the time of her death and had yielded no rent up to that time, but it is clear that the object of the agreement on her part was to obtain income during her life. The circumstances show that the proceeds meant rents, which were to be obtained by putting up an expensive building, and that Aramesia Mismer was to have one-fourth of the rents during her life in lieu of dower.

The circuit court construed the agreement according to the intent of the parties, and the decree is affirmed.

*Decree affirmed.*