JAMES E. WILSON, Appellee, *vs.* WILLIAM D. KRUSE.— (T. B. MOORE, Appellant.)

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. APPEALS AND ERRORS—*when a freehold is involved.* Where the jury in an attachment suit find that the lands attached do not belong to the person claiming them by a verified interplea, the latter has the right to appeal directly to the Supreme Court upon the ground that a freehold is involved.

2. ATTACHMENT—*lien of attachment does not exceed actual interest of debtor at time of levy.* The lien of an attachment does not exceed the actual interest the debtor had in the land at the time of the levy, and under the Attachment act any person claiming title or interest in the attached property may intervene.

3. DEEDS—*effect where instrument has no seal.* An instrument defective as a deed for want of a seal will bind the grantor and is good as against a subsequent purchaser with notice.

4. NOTICE—*what is notice to subsequent purchasers.* If the grantee in a quit-claim deed having no seal records the instrument and enters into possession of the land by a tenant, both the recording of the instrument and the possession operate as notice to subsequent purchasers as to the grantee's rights.

5. EVIDENCE—*when deed not under seal is admissible in attachment.* Where the person interpleading in an attachment suit purchased the land and entered into possession thereof by his tenant under a recorded deed before the levy of the attachment, the deed, though defective for want of a seal, is admissible in evidence, irrespective of the act of 1909, for the purpose of showing the extent of the grantee's possession and what he claims by his possession.

6. SAME—*deed not under seal is evidence of a sale.* An instrument purporting to be a quit-claim deed and recorded as such is evidence of a sale and shows a transfer of the equitable title even though it is without a seal and has a defective acknowledgment.

Appeal from the Circuit Court of McDonough county; the Hon. Harry M. Waggoner, Judge, presiding.

Vose & Creel, Switzer & Switzer, and W. W. Goody-koontz, for appellant.

Elting & Hainline, and Flack & Lawyer, for appellee.

Mr. Justice Carter delivered the opinion of the court:

Appellee, James E. Wilson, commenced a suit in attachment against William D. Kruse in the circuit court of McDonough county November 24, 1914. A writ of attachment was levied on the same date on a farm of about 943 acres in said county. Service was had upon the said Kruse by publication, as a non-resident defendant, and default was thereafter taken against him. On January 25, 1915, T. B. Moore filed a verified interplea, claiming that he was the owner of the lands levied on under said attachment writ. After various pleadings were filed and issue joined, a jury was called and sworn, and at the conclusion of the evidence introduced by the appellant, Moore, the attorneys for the appellee, Wilson, asked the court for a peremptory instruction to the jury to find that the property attached did not belong to Moore. The court, over the objection of Moore, gave such instruction and the jury returned a verdict accordingly.

The claim upon which the attachment suit was founded arose out of real estate dealings between Wilson and Kruse prior to May 21, 1914. Kruse was at one time the owner of, and had record title to, the land in question. On said last mentioned date he and his wife and one S. B. Clark and his wife, by warranty deed recorded June 4, 1914, conveyed said farm to S. L. Moore. On July 14, 1914, said S. L. Moore, described as single, quit-claimed all interest in said real estate to appellant, T. B. Moore. The consid-

eration of this last mentioned deed was stated therein, as $40,000, the land being conveyed subject to two mortgages, one for $17,500 and the other for $5000, together with interest. This quit-claim deed from S. L. Moore to T. B. Moore was executed in the State of Iowa, where the Moores resided, and had no seal or scroll after the grantor's signature. It is also claimed that the acknowledgment was on an Iowa form, and does not comply with the Illinois statute as to the acknowledgment of deeds. This last mentioned deed was recorded in the office of the recorder of McDonough county July 15, 1914. After the jury rendered their verdict, under the instructions of the court, against appellant, evidence was heard by the court, by agreement of the parties, as to the original attachment matter, and the issues were found for said Wilson and his damages assessed at $1095.40 and costs, except the costs of the intervening petition. Moore thereafter prayed and was allowed an appeal from the judgment entered in said cause. The appeal was properly brought direct to this court, as a freehold was involved. *Ducker* v. *Wear & Boogher Dry Goods Co.* 145 Ill. 653; *Ray* v. *Keith,* 218 id. 182.

While several questions are urged in the printed brief, on oral argument counsel for appellee waived all questions except as to the validity of the quit-claim deed purporting to convey the property from S. L. Moore to T. B. Moore, and the rulings of the court with reference to the admission of said deed in evidence and the bearing and weight it should have on the issues here involved between appellant, Moore, and appellee, Wilson.

On the hearing before the jury on the issues raised by the plea filed by appellant, the latter offered in evidence said quit-claim deed. On objection of counsel for appellee the court refused to allow the deed to be introduced in evidence. Counsel for appellant also attempted to show, by introducing a copy of the Iowa statutes, that the deed was executed in conformity with the law of that State. Coun-

sel for ·appellee insist that the Iowa statutes offered in evidence only referred to the acknowledgment of deeds and not to their execution. The evidence introduced by said appellant shows, without contradiction, that after the land was conveyed to him by the said deed he took possession thereof, and was holding possession, through a tenant, at the time the attachment herein was levied on said farm.

Under section 29 of our Attachment statute (Hurd's Stat. 1913, p. 98,) "any person, other than the defendant, claiming the property attached, may interplead." The general rule is, that, where the statute permits, "any person claiming title or interest in attached property may intervene in the case." (4 Cyc. 725; 3 Am. & Eng. Ency. of Law,—2d ed.—214, and cases cited.) The rule also is, that the lien of an attachment does not exceed the actual interest the debtor had in the property at the time of the levy. It does not displace prior equities or rights but is subject to all equities to which the property was liable in the debtor's hands. (2 R. C. L. 857, 859, and cases cited.) In effect that has been the holding of this court in various decisions. In *Hollenback* v. *Todd,* 119 Ill. 543, it was held that if a party claiming, by interpleader, the property attached, showed a purchase from the defendant in the attachment, it· was immaterial whether the purchase was made by the party for himself or for his father, as in either event the plaintiff could not subject the property to the debt unless it belonged to the debtor. In *Bostwick* v. *Blake,* 145 Ill. 85, proof was permitted showing that the debtor had fraudulently divested himself of the legal title, and that while the interpleader held the legal title the equitable title was still in the debtor. The finding of the trial court was that the holder of the legal title had no beneficial right, title or interest in the land, but simply held the naked legal title in trust for the real owner, and the lien of the attachment was upheld. See, also, *Morris* v. *Cheney,* 51 Ill. 451; *Dressor* v. *McCord,* 96 id. 389; *Barrett* v. *Hinckley,* 124 id.

32; *Springer* v. *Bigford,* 160 id. 495; *May* v. *Gesellschaft,* 211 id. 310.

It is well settled that actual possession of land by a party under an unrecorded deed is constructive notice of the legal and equitable rights of the party in possession. Possession by a tenant is the same, in all respects, as possession by the party himself. (*Thomas* v. *Burnett,* 128 Ill. 37, and cases cited; *Mathias* v. *Fulton,* 241 id. 598. See, also, as bearing on this question, *Dyer* v. *Martin,* 4 Scam. 146; *Coari* v. *Olsen,* 91 Ill. 273; *Walsh* v. *Wright,* 101 id. 178; *Bartling* v. *Brasuhn,* 102 id. 441.) Contracts not under seal, and even contracts not in writing, affecting land, are recognized in equity if they have been so far performed that to permit the party to repudiate them would be a fraud. *Ashelford* v. *Willis,* 194 Ill. 492; *Pasquay* v. *Pasquay,* 235 id. 48.

Under the decisions in this State a deed must be under seal in order to pass legal title to real estate. (*Barger* v. *Hobbs,* 67 Ill. 592; *Barrett* v. *Hinckley, supra; Irwin* v. *Powell,* 188 Ill. 107; *Jackson* v. *Security Life Ins. Co.* 233 id. 161.) But an instrument defective as a deed for want of a seal will bind the grantor and his heirs and is good as against a subsequent purchaser who has notice. (*Wadsworth* v. *Wendell,* 5 Johns. Ch. 224; 1 Devlin on Deeds,—2d ed.—sec. 246.) There can be no question, from this record, that appellant, Moore, took possession of this property under this deed. The filing of the deed for record was notice of whatever interest appellant had in the land. The possession by appellant through his tenant was also notice of the same fact. *Mathias* v. *Fulton, supra,* and cases cited.

A paper purporting to be a deed is not valid in this State for the purpose of conveying title unless it is under seal, yet when a person enters into possession under such paper it is admissible in evidence for the purpose of show-

ing the extent of his possession and what he claims by his possession. (*Barger* v. *Hobbs, supra.*) This instrument, without question, even though not under seal, and assuming it was not properly acknowledged, was evidence of a sale, and showed clearly that the equitable title had been transferred to appellant. On the issues raised by the interplea of appellant it was admissible to show the interest that appellant had in the property. The trial court erred in not permitting it to be introduced in evidence for that purpose.

Under a statute passed in 1909 in this State (Hurd's Stat. 1913, p. 557,) it is provided that a deed such as this, without a seal or scroll, where the law of the State where executed dispenses with such seal or scroll, is given the same force and effect in this State, in law and in equity, as if a seal or scroll had been duly affixed. The second section specifies the modes of proving the law in such other jurisdiction on that point, but provides that any other legal mode of proving the fact may be resorted to. In section 10 of our statute on evidence (Hurd's Stat. 1913, p. 1236,) provision is made for proof of the statutes of other States, and it was under this last section that counsel for appellant attempted to prove the statutes of Iowa as affecting the validity of this deed. As this case must be reversed for the reasons already stated, the question as to whether this proof was properly made is not likely to arise in the next trial of the case as it does on this record, and hence it is unnecessary for us to consider or decide it.

The judgment of the circuit court will be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*