Ruffin,
 
 Judge.
 

 — The construction of the will cannot admit >>í a doubt. It trey -¡ec?i si ngukir enough, that the te-tator bh-aid, in a clause intended to pass many ne-gr-r-., expressly mention but one of them, li is argued from thence, that, he had not
 
 animnm dispouendi
 
 as to those not mentioned. But it is to be remembered, that every testator is pr esumed not to intend to die intestate, as to any part of his estate; and therefore that a residuary clause is always, unless expressly restrained, held to pass whatever is not otherwise disposed of. If there Was nothing p.irtr «lar therefore in this will, the'e could he no question. But there stems to have been more than ordinary anxieiy in the testator’s inind, that this meaning should be given to his will; for after giving all the balance oí his pioperty to
 
 Moses,
 
 he declares that he desires
 
 *389
 
 íhis'-o be peo ¡e.rly understood, and this* i!l n». peaH that b . m‘*aning is, that «Ifiises :d» di vw property *’4"1 pt the lamí given to
 
 Am-
 
 C n cly this tai:'* ,-JL \ he re-
 
 all
 
 iiis
 

 Th ni as ío í!r> p ero' evidence and answer n* die ud-«li. ¡'e -.;. . ; ; i j,Y tibí CO !SÜ'¿;c:Í < i) <-í ¡ble. th.it the »d<v, ■••1io«dd be admitted for a m- nn ni. would be ío iip-u í ; s' «ills by the looses! ai nrooC r¡-* tin re was any thing ¿ti at, there was an ot>.>'»rtiiiú>y
 
 ,v i ■
 
 m >«róbate of the will, t.. make the most of it be'bre (!:.«• ¡¡c " who, if sato-Seil s-f any fraud, might have !hun«S n.ri .o bo tii® test «tor’s w:?!, and part not. But it ,. o««S:l in* '•xlreniely dangerous, entirely too much s.-»,
 
 -v,
 
 sy, tk-t the testa, tor did not dev ise, because, in law. the paper would pass a larger estate, and more property, than ■vitoe-\,e\s supposed i;•••• nnher of it meant. The meaning'jf si,e testator is to be judged of by his vfird" ; and they mtst ni»ud. unless it be shown, tiiai kj »«8 imposed on,
 
 ii'.'C
 
 did not know tiiey weie in his wiki; or knowing that Ü) j* were ¿here, ihat he had been induced by undue influence to execute it against hr» own wishes: which goes on quite a different ground, namely, weasness. I lay out of ihe ca.se the depositions, because liu-y go only to p=a. *e };>• •; intentions, and are rout! auunocy. The Case then stands <>u the answer of tin administrator.
 

 Thai repre.nents, tii it the testator did not intend to be» «jiietith «u i -■ i• i uf his slaves ; but oever'heless made his will win» «1 general ekuse. which dies pass them. The subject, was pressed on hisnotirc several times; and he ordered, that nothing should he said upon it in the will; and declared, :iiat when they were recovered, ne intended them to be divided amongst his other brothers and sisters, lu t Ive executed his will; and that in his senses, and without imposition, as must he taken now from the solemn probate. The two positions cannot stand together; and <4; the two, tii at founded on evidence the more fallacious
 
 *390
 
 must yield. This is not at all like the cases of
 
 Oldham v. Lichford
 
 (2 Vern. 506) and
 
 Barrow
 
 v.
 
 Greenough
 
 (3
 
 Vesey
 
 152). In each of them, the testator intended to enlarge certain legacies, and with that view to alter his will. This he communicated to the devisees and residuary legatees to be affected thereby; and each promised the testator, if he .would not make the alteration, that his wish should be observed 5 and in confidence thereof, the testator suffered things to remain as they were. Now this was a plain engagement, in the nature of a contract; and it would have been a gross fraud, if not performed, to have drawn the testator into such a trap. In the latter case, much of the proof appeared in writing; being contained in a letter from the legatee to Ihe testator. X am not certain, that the first case would, at this day, be
 
 supported;
 
 because the evidence was wholly in parol. Not because of the statute of frauds merely 5 because there can be no doubt, that a fraud or a mistake is without that
 
 statute;
 
 but because such a fraud, or a mistake of that nature, ought to be made out by the strongest possible proof j and I do not know that, weighing the evidence judicially, any parol proof would avail to over-set a written will, left uncancelled, or unrevoked by the testator. But here it is quite another matter. This is no attempt to raise a trust in the legatee, upon the ground of any fraud or promise
 
 by him.
 
 On the contrary, it is plainly and merely to aUer a will by parol proof, that the testator used broader words than expressed his infention. it does not even go to the extent of showing, that the testator did not know what words he used ; but only that he did not know the sense of them. The will can - not be contradicted, nor the construction thus varied upon parol proof. I call the evidence parol, although it is contained in the answer of the draughtsman of the will, and the now administrator of the testator. He has no interest in the matter, as he derives no benefit under the will. He is a mere executor in trust, and therefore his
 
 *391
 
 answer is no more than the deposition of another witness. And this very case exemplifies strongly the wisdom of, the general rule, as to the strength and extent of the proofs, wkkh Courts ought to require in such cases.— Here comes forward a Defendant, and admits she -Plaintiff's «’.ase. It turns out, that when this Defendant, as administrator, was suing a third paiuy fot the very ne-grees now in dispute, his title to theta was made out by the evidence of the present Plaintiff, who then swore he liad no interest, as the residuary clause of the will passed the negroes to another person. No sooner are the ne-groes recovered upon that, testimony, than lie asserts the will to fee invalid, because the testator was
 
 non compos mentis,
 
 Failing in that, his nest step is to assert a di» rect ownership, by way of trust, on the ground, that the testator did not know the meaning of his own will j and relies upon the answer of the administrator, who is ids son,
 
 to
 
 show it.
 
 No one
 
 can fail
 
 to
 
 belie*/? tor a moment, that this whole career had bees, marked out between this father and sow, from the beginning. The will is permitted to stand undisputed, while the father’s competency depends on it. The effort then is to get clear of it altogether, because it serves their turn no longer, Next and lastly, it is to make out a mistake in it, by the admission of the Defendant Who could hesitate is anticipate the admission ? it happens here, that the combination is easily detected. I am apt to conclude, that it almost as certainly exists in every other case of this sort, though it may be concealed by a veil not quíte as transparent. At all events, it may easily exist, and elude discovery, and therefore ought to be suspected., Men in their senses are in little danger of giving away
 
 more
 
 property in their wills, than they intended ; ami upon a change of mind, are ready enough to express if in the will itself. But if if were otherwise, it is better that a particular mischief should be suffered, than a g& •heral inconvenience introduced. Th$ proof ough$ to is«^
 
 *392
 
 {¡s clear as dev. It ought to shed a blaze * f light, un--0,'Bnirid by a single cloud of doubt, upon the very point of controversy.
 

 The bill must bp dismissed with costs, as to all the Defendants, but the administrator,
 
 Thomas
 
 Reeves. He, being a party in interest and feeling with the Plaintiff must be content to pay his own costs.
 

 Per Curiam.
 

 — Decree accordingly.