MaNly, J.
 

 A simple enquiry is made of the Court upon the construction of the will of Joseph Branch, viz: wbethei' the maintenance and education of the children is to be a joiut charge upon the'aggregate profits of the estate, or whether the support of each is to be taxed against his aliquot part of the profits- onl}-.
 

 There is nothing, it seems to us, in the will to justify the first view. It is well settled, in respect to bequests of this sort to children, that they take vested interests, with a right to the profits down to the period fixed for enjoyment for support, and upon a plain principle of justice, each would be entitled to the profits in proportion to his interest in the property. A different application of the profits can only be justified by a manifest purpose on the part of the testator. It is sufficient for the occasion to say, no such purpose is perceivable. — - Equality seems to be a leading characteristic of the testator’s bequests. This excellent feature would be marred by regarding the profits as a joint fund, subject to the general charge, and divisible as the children respectively arrive at age. Per* feet equality, could only be attained in one of two ways, either by postponing the division until the youngest arrived at age, and-then, making a general division, which is not allowed by the terms of the will, or by regarding the profits from the beginning, as divisible among the children according to their respective interests, which is allowed, and which we deem the proper interpretation.
 

 We have attentively considered the will, and are of opinioh
 
 *271
 
 that by postponing the period of division, it was not the purpose of the testator to disturb the equal interests of his children, but to secure, as far as practicable, the comfort and happiness of his slaves, to increase the general profits, and consequently to augment the value of each share iii it, and to provide more conveniently for the application of the profits to the wants of each. If no intention to the contrary were clearly manifest, we should feel bound to follow the general rules of law, by which the profits attend on the shares and the charges attacli on the profits.
 

 These views and conclusions are fully sanctioned by the cases of
 
 Green
 
 v.
 
 Cook,
 
 2 Dev. Eq. 531, and
 
 Mebane
 
 v. Smith, 2 Ired. Eq. 731; in the first of which, especially, the same question is made under precisely similar circumstances.
 

 In all the cases cited by the defendant’s counsel, there was a joint fund provided for the maintenance of the children which distinguishes them from this case.
 

 Per CuriaM, There must be a decree for an account* conformably to this opinion.