*L. W. CRAWFORD v. J. H. WEARN et al.

*Devise—Rule in Shelley's Case—Intent of Testator—Effect of the Words "Invest or Use."*

1. In the construction of a will the intention of a testator must prevail over merely technical language, when such language is qualified by superadded words.

2. A testator devised to L. " the use of $1,000; also four lots," and added, " the said L. may invest or use all this property as he may, in his discretion, think best, during his natural life, and at his death to go to the heirs of his body, and be used for their education if necessary": *Held*, that the rule in Shelley's case does not apply, and L. takes only a life estate in the property.

3. In such case, the words " invest or use " authorize a sale of the property by the life tenant.

CIVIL ACTION, heard on complaint and demurrer, before *Winston, J.,* at September Term, 1894, of MECKLENBURG Superior Court.

The complaint alleges a contract between plaintiff and defendants, whereby the latter agreed to buy and pay for certain lots in the city of Charlotte, the tender of a deed, and refusal by defendants to comply with their contract. The complaint set out a copy of the will of Mrs. Christina E. Brown, by which the lots in question were devised to the plaintiff. The material item in the will was as follows:

" V. I give and devise to my son Leonidas W. Crawford, the use of one thousand dollars ($1,000) in money or notes; also four lots in the town of Charlotte, N. C., purchased from John L. Brown, known as the Depot Lots Nos. 242, 241, 240, and a fraction of lot No. 239, in Square 37, as the deed will show. The said Leonidas W. Crawford may invest or use all this property as he may, in his discretion, think best, during

---

*BURWELL, J., did not sit on the hearing of this case.

CRAWFORD *v.* WEARN.

his natural life, and at his death to go to the heirs of his body, and be used for their education, if necessary."

There were other similar devises to other children of the testator.

The defendants demurred to the complaint upon the following grounds:

" 1. That the complaint and the exhibits show that the plaintiff contracted to sell to the defendants a good and indefeasible fee-simple title, with covenants of seizin and warranty to the land or lots described, and that it appears from the said complaint and exhibits that plaintiff derives his title under the will of Christina E. Brown, a copy of which is annexed as an exhibit to the complaint, and that by the said will the testatrix, Christina E. Brown, devises to the plaintiff only a life estate in the said land or lots, with remainder to the heirs of his body, " to be used for their education, if necessary," and that under said devise the plaintiff acquired only a life estate in said land and does not own, and cannot convey, to defendants a fee-simple estate in the same, which estate he agreed and contracted to convey.

" 2. That it appears in the complaint and exhibits that plaintiff is not the owner, and cannot convey a fee-simple estate to defendants as he contracted to do."

His Honor overruled the demurrer, and the defendants appealed.

*Messrs. Jones & Tillett*, for plaintiff.
*Messrs. Walker & Cansler*, for defendants (appellants).

PER CURIAM: After a careful examination of this case, we have arrived at the conclusion that the rule in Shelley's case does not apply, and that L. W. Crawford takes but a life estate in the property in question. Such seems the intention of the testator from the context of the will, and this intention, it is well settled, must prevail over technical language, when

such language is qualified by superadded words. We are also of the opinion that the power to "invest or use" all of the property, in view of other expressions in the will, authorizes a sale of the same by the life tenant, and on this ground, the judgment is affirmed.        Affirmed.