GEORGE S. POWELL v. JULIAN A. WOOD.

(Filed 25 November, 1908).

1. **Wills—Trusts and Trustees—Deeds and Conveyances—Descriptive Words—Estate.**

   A devise to N. of all the residue of testator's estate in trust to receive, hold, invest and reinvest, evidences the purpose of the testator to embrace therein both real and personal property. (*Foil v. Newsome*, 138 N. C., 115, cited and approved).

2. **Wills—Estate—Property Passed.**

   Unless the contrary intent appears, the disposition by the testator in his will of the residue of his estate, will pass both real and personal property.

3. **Wills—Intention—Presumption—All property.**

   The presumption is, that a testator intended by his will to dispose of all his property, and not to die intestate as to any part of it.

4. **Wills — Executor and Administrator — Trusts and Trustees — Deeds and Conveyances—Power to Convey Implied.**

   When a power is given a trustee under a will to receive, hold and invest and reinvest, the estate of his testator, including lands, which is consistent with the other terms of the will, it confers the authority to sell the lands and make valid title thereto.

ACTION heard by *Ward, J.,* October Term, 1908, of BUNCOMBE.

This action was heard in the Superior Court, upon the following case agreed:

1. On 13 September, 1902, Sarah S. Newton, wife of George H. Newton, being the owner in fee and in possession of a tract of land in the city of Asheville, executed her will which, on 31 October, 1903, after the death of the said Sarah S. Newton, was duly probated and recorded, as prescribed by law.

2. The said Sarah S. Newton, at the time of her death, left surviving her George H. Newton, her husband, and one child, Neinon Newton, who was, at that time, and still is, a minor.

The provisions of the will, material to this controversy, are as follows:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever name and description and wheresoever situated to my husband, George H. Newton, in trust to receive, hold and invest and re-invest the same in such securities as he may deem mete and proper for the best interest of my estate, and to take, receive and appropriate to his own use and benefit the entire income and profit therefrom until my daughter, Neinon Newton, shall attain the age of twenty-one years. When my daughter shall attain the age of twenty-one years, he shall pay to her the entire profit and income from said estate until she shall attain the age of thirty-five years, and when she shall attain the said latter age to pay over and deliver to her the entire principal of said estate, and the trust hereby created shall thereupon cease and determine. Should my said daughter Neinon die before attaining the age of thirty-five years, then upon her death the principal of my estate shall pass to and vest in my said husband, George H. Newton, and his heirs forever."

The said George H. Newton has duly qualified as executor of the last will of Sarah S. Newton.

4. On 16 October, 1905, George H. Newton, individually and as trustee, appointed in said will, duly executed and acknowledged a deed of conveyance sufficient in form and words to convey to George S. Powell, in fee simple, the said lot or parcel of land, which said deed was thereafter duly recorded.

5. In the year 1906, J. C. Martin, of Buncombe County, North Carolina, duly qualified as the guardian of Neinon Newton, and as such guardian instituted a special proceeding in the Superior Court for the purpose of selling and conveying, as prescribed by statute, all of the right, title and interest of Neinon Newton in said lot of land to George S. Powell, in order that the interest of the said minor in said land might

be converted into money and transferred to her domicile; said proceeding was regular in all respects, and a judgment was therein duly entered by the Clerk of the Superior Court and approved by the Judge of the Superior Court, directing the guardian to convey by a proper deed, the interest, right and title of Neinon Newton in and to said lot of land to George S. Powell for the consideration agreed upon between the parties thereto, and thereafter, the guardian duly executed and delivered to George S. Powell a deed of conveyance, sufficient in form and words, to convey to him all of the right, title and interest of Neinon Newton in and to said tract or parcel of land; the total consideration paid by George S. Powell for the land was $1,500.

6. In the month of August, 1908, George S. Powell, claiming to be the owner of said lot of land, and by virtue of said deeds of conveyance, agreed to sell and convey the land to the defendant, J. A. Woodcock, in fee simple, and the defendant J. A. Woodcock agreed to purchase the said land at the price of $2,000 in cash, and George S. Powell is ready, willing and able, and has offered, to execute and deliver a proper deed of conveyance for the land purporting to convey the same to said Woodcock, in fee simple, upon the payment of the amount agreed to be paid by Woodcock, but the said Woodcock has refused to accept the deed and has refused to pay the purchase money, or any part thereof, upon the ground that the said deeds executed to George S. Powell are not sufficient, in law, to pass to Powell a complete and perfect title to said land, and that Powell is, therefore, not able to make him a good title in fee simple to said property.

7. If the Court is of the opinion that the will and the said several deeds to George S. Powell are sufficient in form and substance to pass to him all of the right, title and interest which Sarah S. Newton owned in said lot of land, then judgment shall be entered herein in favor of the plaintiff, and against the defendant, for the sum of $2,000, and for specific

performance of the contract of sale in accordance with the course and practice of the Court; otherwise, judgment is to be entered for the defendant.

The Court, upon the facts admitted by the parties, decided in favor of the plaintiff and entered judgment accordingly. The defendant appealed.

*Julian C. Martin* for plaintiff.
*Merrick & Barnard* for defendant.

WALKER, J. There are two questions presented in this case. 1. Does the word "estate," used in the residuary clause of Mrs. Newton's will, include her land? 2. Is the power to sell the land given to George H. Newton by implication? The identical questions, we think, are fully discussed and affirmatively answered in *Foil v. Newsome,* 138 N. C., 115, which is substantially like this case in its facts. "The word 'estate,' taken in its primary sense as used in a will, without anything in the context to limit it, is a word of very extensive meaning. It is nearly synonymous with the word 'property,' where that word is not qualified by the addition of the word 'personal.' Under the word 'estate,' used in its primary sense, real property of every description will ordinarily pass, and the presumption is that the testator, in using the word, uses it in its broad and inclusive signification, unless the context restricts its meaning to some particular species of property." I Underhill on Wills, sec. 295; *Foil v. Newsome, supra.* The presumption is that the testatrix intended by her will to dispose of all of her property, and not that she intended to die intestate as to any part of it. *Glasscock v. Gray,* 148 N. C.; *Harper v. Harper,* at this term. In the case last cited, we held that the word "estate" included the testator's land and was not restricted to his personal property. The language used in the will, which was construed in that case, did not indicate as clearly that such was the intention of the testator as does the language

of the will now under consideration. In the will of Mrs. Newton, the words are, "all the rest, residue and remainder of my estate, of whatsoever name and description and wheresoever situated, to my husband, George H. Newton, in trust to receive, hold, invest and re-invest." This language is very broad and comprehensive and, by itself, and certainly when considered with what follows in the will, evinces unmistakably the purpose of the testatrix to dispose of both real and personal property. Gardner on Wills, pp. 399-411.

The other question is also free from difficulty. No technical language need be used in the creation of a power. Any words definite enough to disclose its nature, the donee, or the person by whom it is to be exercised, and its objects, are sufficient; and so with a power of sale, it may be created by express words or by implication of law. 18 Cyc., 320. It has, therefore, been held that "where a testator, in the disposition of his estate, imposes on his executor trusts to be executed or duties to be performed which require for their execution or performance an estate in his lands or a power of sale, the executor will take by implication such an estate or power as will enable him to execute the trusts or perform the duties devolved upon him." *Lindley v. O'Reilly*, 50 N. J., 636. Chief Justice Shaw stated the rule in these words: "If a testator having a right to dispose of his real estate, directs that should be done by his executor which necessarily implies that the estate is first to be sold, a power is given by this implication to the executor to make such sale and execute the requisite deed of conveyance." *Going v. Emery*, 16 Pick., 107. In *Foil v. Newsome, supra*, this Court said: "We are also of the opinion that the trustee has, by implication, the power to sell the land for the purpose of converting it into an income producing property. The usual rule adopted by the Courts is to find in language imposing upon an executor or trustee the duty of disposing of a mixed fund or property, an implied power to sell real estate to the end that he may

discharge such duty. This construction reconciles the use of the words 'invest,' 'pay over interest or income,' " citing *Vaughn v. Farmer,* 90 N. C., 607; *Crawford v. Wearn,* 115 N. C., 540; *Council v. Averett,* 95 N. C., 131. The cases of *Foil v. Newsome, supra,* and *Cook v. Cook,* 47 Atl. Rep. (N.J. Ch.), 732, are direct authorities for such a construction of the will as devolves upon the trustee the duty, and therefore the power, to sell the lot, the title to which is in controversy. It all results in this, that the deed from George S. Powell to Julian A. Woodcock will convey a good and perfect title to the latter, under the facts admitted in the case agreed. *Carlton v. Goebler,* 94 Texas, 93.

It is not necessary to decide the other question raised, as to the nature of the estate acquired by Neinon Newton under the will, that is, whether it is a vested or contingent one, nor need we consider whether the deed from Newton to Powell will estop the former. Our decision upon the other matter disposes of the case.

Affirmed.