SETH B. BAUGHAM v. TRUST COMPANY.

(Filed 25 May, 1921.)

1. **Wills—Estates—Contingent Interest—Time of Happening of Contingency.**

   A devise of lands to the testator's children depending upon their dying with issue, and in the event they should not leave issue to the heirs of the testator, is construed to take effect upon the death of the testator.

2. **Same—Beneficiaries—Heirs at Law—Relinquishment of Right—Fee Simple.**

   Where the testator's children are his heirs at law, and a devise of lands is to them, and if any should die without issue to the heirs at law of the testator, the children of the testator may waive the condition by proper proceedings had among them all, and each acquire an indefeasible fee to a division of the lands among themselves.

3. **Partition—Title—Judgment—Estoppel.**

   While proceedings for the partition of lands do not ordinarily place the title at issue, such may be done by the tenants in common, and the judgment thereunder will estop them.

4. **Descent and Distribution—Estates—Contingent Remainders.**

   A contingent remainder, or like interest in lands is transmissible by descent.

**5. Wills— Estates—Contingencies—Remainders—Reversion—Children—
Heirs at Law—Division in Severalty—Relinquishment of Right—Fee.**

Where the children of the testator are his heirs at law, and take by will upon the contingency of their having children at the death of the testator, whether they take in remainder or a reversionary interest as the heirs of the testator, is immaterial upon the question of their right to apportion the lands by proper proceedings among themselves, and thus acquire a fee-simple title to the lands accordingly held by them in severalty.

APPEAL by defendant from *Allen, J.,* from judgment on case agreed, rendered March, 1921, from BEAUFORT.

This is a controversy submitted without action on an agreed statement of facts, and the single question presented is whether Seth B. Baugham is the owner of the indefeasible fee in the lot of land described in the agreement of the parties.

W. P. Baugham, who was the former owner of this and other lands, died in 1910, leaving a will, the third item of which is as follows:

"3d. Should I die without leaving any children or child surviving me, or should my children die without surviving them any lawfully begotten children or issue, should one or more die without legal issue, the remaining ones to share in that one's or their interest in my estate, share and share alike. Should all of my children die leaving no lawfully begotten issue, then in that case I give, devise, and bequeath all of my said property to my heirs at law, said heirs to be determined by the laws of the State of North Carolina."

At the time of his death the said W. P. Baugham left surviving him Mary A. Baugham, widow; William E. Baugham, Seth B. Baugham, Pattie B. McMullan, Christine C. Baugham, and Mary Baugham (James H. Baugham, one of the children of W. P. Baugham, deceased, having died intestate, without issue, in July, 1918), all of whom joined in a petition for partition in which there was the following allegation:

"That your petitioners, Pattie B. McMullan, William E. Baugham, Seth B. Baugham, Christine C. Baugham, and Mary Baugham, desire to own their respective interests in the said lands, described in section two hereof (which includes the *locus in quo*), in severalty, in fee simple, absolutely free from the limitation over to them, respectively, in case of the death of any without leaving surviving children, as set forth in the will of W. P. Baugham, deceased, and your petitioner, Mary A. Baugham, consents to the said division upon the express condition as follows: (Sets forth conditions as to payment of her annuity not here involved.)

"The clerk of the Superior Court, in ordering the partition of the said lands, adjudged that the same should be divided in accordance with the above stipulation, and the decree of the said clerk has been duly confirmed by the judge."

The lot involved in this controversy was allotted in said proceeding to Seth B. Baugham.

His Honor held that Seth B. Baugham was the owner of the lot in fee simple absolute, and the defendant excepted and appealed.

*Harry McMullan for appellee.*
*Daniel & Carter for appellant.*

ALLEN, J. The land in controversy and other lands are devised in the will of William B. Baugham to all his children, with provision that if one or more die without issue the interests of such children so dying shall vest in the survivors, and if all the children die without issue, *then* to the *heirs of the testator.*

The first contingency—"if one or more die without legal issue"—is disposed of by the partition proceedings, to which all the children were parties, and in which the right of survivorship in the event one or more dies without issue is mutually surrendered and released.

It was held in *Beacom v. Amos,* 161 N. C., 357, that a similar condition could be eliminated by deed, and, while usually a partition proceeding only operates as a severance of the unity of possession, the parties may put the title in issue, and when they do so the adjudication of title is binding and final between the parties. *Weston v. Lumber Co.,* 162 N. C., 180.

It follows, therefore, that the plaintiff, Seth B. Baugham, is the owner in fee simple absolute of the share allotted to him, unless his estate is made defeasible by the limitation to the heirs of the testator upon the death of all the children leaving no issue, and the decision of this question depends on the time when the heirs of the testator are to be ascertained.

In 40 Cyc., 1481, authorities from twelve states and from England and Canada are cited in support of the text that, "As a general rule the death of the testator is the time at which the members of a class are to be ascertained in case of a gift to the testator's heirs, next of kin, or other relatives, unless the context of the will indicates a clear intention that the property shall go to the heirs, next of kin, or other relatives at a different time, such as at the time of distribution, or at the death of the first taker, or at the date of the execution of the will. . . . Where the gift is to the heirs or next of kin of another than the testator it ordinarily refers to the death of such other, unless the context of the will manifests that the class shall be determined at a different time, such as at the time of distribution." *Wright v. Gooden,* 11 Del., 414; *In re Kenyan,* 17 R. I., 149, and *Stokes v. Van Wyck,* 83 Va., 724, are learned and well considered cases supporting the text, although overlooked in *Burden v. Lipsitz,* 166 N. C., 523.

This distinction is clearly recognized in our own decisions. *Newkirk v. Hawes,* 58 N. C., 268; *Wool v. Fleetwood,* 136 N. C., 471, being cases in which it was held that in a limitation to the heirs of the testator the heirs must be determined as of his death, and the principle was approved in *Jenkins v. Lambeth,* 172 N. C., 468, in which it is said: "It is undoubtedly the general rule that when a testator, after a prior limitation of his property by will, makes, in present terms, a disposition of the same in remainder to his own heirs or right heirs, these heirs, nothing else appearing, are to be ascertained and determined on as of the time of his death. This is not only the primary meaning of the word heirs, but the position is said to be favored by the courts because in its tendency it hastens the time when the ulterior limitation takes on a transmissible quality. *Newkirk v. Hawes,* 58 N. C., 265; *Rives v. Frizzle,* 43 N. C., 237; *Jones v. Oliver,* 38 N. C., 269; *Welch v. Blanchard,* 208 Mass., 523; *Wallace v. Dichl,* 202 N. Y., 156, reported also in 33 L. R. A., N. S., pp. 1 and 9, where the general question is treated in a full and instructive note by the editor."

It was also held in the *Newkirk case* that "a contingent remainder, or any such contingent interest in land, is transmissible by descent."

It is true that the limitation to the heirs of the testator is referred to in some of the cases as a remainder to the heirs, and in others as a reversion left in the testator (see authorities cited in *Thompson v. Batts,* 168 N. C., 335), but since the reversion would pass to the heirs by descent, this does not have any effect upon this title as the same persons take the same estate whether as remaindermen or as heirs of the reversion, and applying the principle that the heirs of the testator must be ascertained as of his death, unless a contrary intent appears in the will, we find that the first takers of the estate are all the children of the testator, who are also all of his heirs in whose favor the ultimate limitation is made if they take as remaindermen under the will, or who would take as heirs if a reversion was left in the testator, and thus in any event the whole estate, defeasible and indefeasible, was vested in the parties to the partition proceeding as children and heirs, and if so, each child takes the share allotted to him in fee simple absolute.

We are therefore of opinion the title of Seth B. Baugham is indefeasible.

Affirmed.