WACHOVIA BANK AND TRUST COMPANY v. JOHN A. LINDSAY ET AL.

(Filed 4 November, 1936.)

1. **Wills E d—Devise and bequest of property for life with limitation over to a class vests title in remainder in the class upon death of testator.**

    Testator left all his property, real and personal, to his wife for her life or until she remarried, with provision that upon termination of her interest two-thirds of the estate should be distributed to those who would have been his heirs and distributees had he not made the will. *Held:* The limitation over vested in testator's heirs and distributees immediately upon his death, and the persons entitled to take should be determined as of his death and not as of the death of his widow.

2. **Wills E f—Where property is divided prior to termination of life estate children of vested remaindermen have no interest upon death of life tenant.**

    The will in question devised and bequeathed all testator's property to his wife for life, with vested remainder over in two-thirds of the property to testator's next of kin. Prior to the termination of the life estate, the property was divided in proceedings approved by the court, the widow taking one-third and the next of kin living at testator's death taking two-thirds. Each of the next of kin receiving a share of the estate in the

proceedings died prior to the widow's death. *Held:* Only those answering the roll of the class at the time of testator's death took under the will, and their children and grandchildren have no interest in the estate remaining at the time of the widow's death.

APPEAL by answering defendants from *Stack, J.,* at July Term, 1934, of RANDOLPH.

Civil action for construction of will.

The record discloses that Dr. A. Fuller, of Randolph County, died 15 December, 1906, leaving a last will and testament, which is now the subject of controversy between or among some of the parties litigant.

The item which gives rise to this controversy is as follows:

"Item Second: I give, devise and bequeath all my estate and effects both real and personal, including all moneys on hand and all debts due me to my beloved wife Julia C. Fuller, for the term of her natural life or during her widowhood, and upon her second marriage or death, whichever shall occur first, that all said property and effects, shall be disposed of as follows, that is to say, two-thirds thereof to be divided among those who would have been my heirs and distributees had I not made this will, my said wife not included, and the remaining third to my said beloved wife Julia C. Fuller her heirs and distributees in fee simple forever."

In 1907, a division of the estate of the testator was had between the widow and "those who would have been my heirs and distributees had I not made this will"—a brother, a sister, and a nephew—living at the time of testator's death, and said division and settlement was duly approved by order of court in a proceeding brought for the purpose.

The brother, sister, and nephew of the testator, parties to said proceeding, are all dead, and the appealing defendants herein are their children and grandchildren.

The testator's widow never married again, and died in August, 1933.

It is the contention of the appealing defendants that under the second item of the will in question, the "heirs and distributees" of the testator, who ultimately take the "two-thirds of all said property and effects," are to be determined at the death of the widow, and not as of the death of the testator. From an adverse ruling on this point, said defendants appeal, assigning error.

*Manning & Manning and J. A. Spence for plaintiff, appellee.*

*L. T. Hammond, J. V. Wilson, and Walter D. Siler for defendants, appellants.*

STACY, C. J.   Are those "who would have been" the testator's "heirs and distributees," had he died intestate, and who are designated as the

ultimate takers of two-thirds of his property, to be ascertained and determined as of the date of his death, or at the time of the death of the life tenant? The answer is, At the death of the testator. *Witty v. Witty,* 184 N. C., 375, 144 S. E., 482; *Dixon v. Pender,* 188 N. C., 792, 125 S. E., 623; *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431.

Had the testator died without making a will, undoubtedly his heirs and distributees would have been determined as of the date of his death, for as said by Blackstone: "An heir is he upon whom the law casts an estate immediately on the death of the ancestor." II Blk., ch. 14; *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25; *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632. To hold otherwise would be to take from such words their ordinary and natural meaning and give to them an artificial or hypothetical significance. *Jenkins v. Lambeth,* 172 N. C., 466, 90 S. E., 513; 69 C. J., 262; 23 R. C. L., 549. It is only when the testator uses such words in a different sense—which, of course, he may do—that they are given the artificial signification intended by him. *Scales v. Barringer,* 192 N. C., 94, 133 S. E., 410; *Bowen v. Hackney,* 136 N. C., 187, 48 S. E., 633.

Speaking to the general rule in *Bullock v. Downes,* 9 H. L. Cases, 1, Lord Campbell said: "Generally speaking, where there is a bequest to one for life, and after his decease to the testator's next of kin, the next of kin who are to take are the persons who answer that description at the death of the testator, and not those who answer that description at the death of the first taker. Gifts to a class, following a bequest of the same property for life, vest immediately upon the death of the testator. Nor does it make any difference that the person to whom such previous life interest was given is also a member of the class to take on his death."

In interpreting the present will, the court below applied the general rule, and in this we find no error.

Moreover, it appears that the parents and grandparents of the appealing defendants have heretofore received the very property in controversy in a division and settlement with the widow, on the assumption and belief that they were entitled to same as vested remaindermen. This settlement was approved by order of court, in a proceeding brought for the purpose, and it will not be disturbed, because in a limitation by way of remainder to a class, the law calls the roll of the class immediately upon the vesting of the estate, and those who can answer, take. *Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669. At the call of the roll in the instant case, the brother, sister, and nephew of the testator answered. They alone took. So said the law in 1907. So says it now.

Affirmed.