WILL WEILL ET AL. v. C. L. WEILL ET AL.

(Filed 5 January, 1938.)

**1. Wills § 33c—Remainder over to a class after life estate held to vest upon death of testator.**

The will in question provided that testator's wife should have the income from his property, real and personal, for life, and at her death all her indebtedness should be paid, and the property divided equally

among testator's sister and brothers, or their heirs.   *Held:* The remainder over to the class vests upon the death of testator· and not upon the death of the life tenant.

**2. Same—**

> The law favors the early vesting of ·estates, and as a general rule a remainder over to a class after a life estate vests immediately upon the death of the testator, unless a contrary intent appears from the will.

APPEAL by defendants from *Grady, J.,* at November-December Term, 1937, of WAYNE.

Civil action for construction of will and declaratory judgment, submitted as controversy without action on agreed statement of facts.

From judgment sustaining contention of plaintiffs the defendants appeal.

*Langston, Allen & Taylor for plaintiffs, appellees.*
*D. C. Humphrey for defendants, appellants.*

STACY, C. J.   On the hearing the questions in difference and the matters to be determined were properly made to depend upon the construction of the following clause in the will of Vance M. Weill, late of Wayne County:

"I will to my wife, Julia C. Weill, to have all the net income from all of my real and personal property her lifetime and at her death, after all her indebtedness is paid, all of my estate shall be divided among my sister and brothers equally or their airs."

The record states that Vance M. Weill died on 19 December, 1936, leaving him surviving his widow, Julia C. Weill, six brothers and one sister, and three nieces and one nephew, children of a deceased brother, all parties to the present proceeding.

The matters submitted for determination turn upon whether the remainders created in the above clause of the will are vested or contingent.

The plaintiffs say they are vested, *i.e.,* at the death of the testator the law called the roll of "sister and brothers   .  .  .   or their airs," and those from the class who then answered take the estate by way of remainder, only the enjoyment being postponed until ·the death of the life tenant.  *Richardson v. Richardson,* 152 N. C., 705, 68 S. E., 217; *Power Co. v. Haywood,* 186 N. C., 313, 119 S. E., 500.  This is questioned by the defendants.  The trial court held that the remainders are vested and that the trust agreement, so predicated, is a permissible use of the property; all the interested parties being signatory thereto.  With this construction and declaration of the rights of the parties we agree.  *Trust Co. v. Lindsay,* 210 N. C., 652, 188 S. E., 94.

The general rule is that a limitation by way of remainder to a class, following a bequest of the same property for life, vests immediately upon the death of the testator unless a contrary intent appear from the will. *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482; *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431; *Bowen v. Hackney,* 136 N. C., 187, 48 S. E., 633. The law favors the early vesting of estates. *Westfeldt v. Reynolds,* 191 N. C., 802, 133 S. E., 168; *Goode v. Hearne,* 180 N. .C., 475, 105 S. E., 5; *Bank v. Murray,* 175 N. C., 62, 94 S. E., 665.

No question is presented by the plaintiffs *inter se,* or between the sister and brothers of the testator on the one hand, and his nieces and nephew on the other. It is agreed that as among the plaintiffs, if the remainders be vested, the division shall be *per stirpes. Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669; *Bowen v. Hackney, supra.*

Upon the record as presented no reason appears for disturbing the judgment.

Affirmed.