ROBERT HOLLAND ET AL. v. PROCTOR A. SMITH ET AL.

(Filed 3 May, 1944.)

**1. Wills § 31—**

> The end to be sought in the interpretation of wills is to discover the intent of the testator, looking at the instrument from its four corners, and to give effect to such intent, unless at variance with some rule of law or contrary to public policy.

**2. Same—**

> In ascertaining the meaning of particular parts, the intention of the testator is to be gathered from the whole. Apparent inconsistencies are to be reconciled, if reasonably accomplishable, so as to give effect to each in accordance with the general purpose. No words ought to be rejected if any meaning can possibly be put upon them.

**3. Wills § 32—**

> A presumption exists that a testator intends to dispose of his entire estate and not to die intestate as to any part of his property.

**4. Wills §§ 33a, 33f—**

Where lands are devised to one generally, and to be at his disposal,. this is a fee in the grantee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes. to the devisee, with a bare power to dispose of the fee.

**5. Wills §§ 33a, 33b—**

Where by will one takes a life estate in remainder, with limitation to her bodily heirs, if any, and, if none, then over, this excludes the rule in *Shelley's case*, and the devise terminates upon the death of the devisee without bodily heirs.

**6. Wills § 33c—**

A devise of lands to testator's wife for her life to do with as she pleases and at her death to H. for life and then to H.'s bodily heirs, if any, and, if none, then to testator's kin, where testator's wife dies without disposing of the property, and H. dies without issue, the entire estate goes. by the will in fee to the heirs of the testator.

BARNHILL, J., dissenting.

SEAWELL, J., concurring in dissenting opinion.

APPEAL by plaintiffs from *Stevens, J.,* at February Term, 1944, of WAKE.

Civil action in ejectment.

After the pleadings had been filed, the parties agreed upon the facts and submitted the matter to the court for final determination and adjudication.

J. R. Blinson died in 1890 seized of a tract of land in Wake County,. the subject of the present controversy. He left a will. The contest is among the heirs and next of kin of those named as devisees and the defendants in possession under a deed from the heirs of the testator.

From a judgment upholding the claim of the defendants in possession,. the plaintiffs appeal, assigning errors.

*Wellons, Martin & Wellons and Royall, Gosney & Smith for plaintiffs,. appellants.*

*No counsel for interveners.*

*Albert Doub and Bailey, Holding, Lassiter & Wyatt for defendants, Proctor A. Smith and wife, appellees.*

STACY, C. J. On the hearing the case was made to depend on the operation of the following clause in the will of J. R. Blinson, late of Wake County, this State:

"I give to my wife all the Property that I own her life time land and all to do as she pleases with and at her death the land is to go to Sallie

A. Hocutt for her life time and then to her bodily heirs if any and if none back to my Kin and My wife Kin all except the land. My wife can do as she pleases with it."

Sarah L. Blinson, wife of the testator, died intestate in 1912 without having disposed of the land. The plaintiffs are her heirs and next of kin.

Sallie A. Hocutt, the first remainderman named in the will, died in 1941 without children or the issue of children. The interveners are her heirs and next of kin.

The defendants, Proctor A. Smith and wife, are in possession of the land under a deed from the heirs and next of kin of the testator.

The plaintiffs make two contentions: First, that the land was devised to Sarah L. Blinson, wife of the testator, in fee, and, secondly, that at least an undivided one-half interest in the land passed to the wife's next of kin under the ulterior limitation.

The interveners claim as heirs and next of kin of Sallie A. Hocutt.

The trial court was of opinion that the "will failed to dispose of the real estate . . . beyond the date of the death of . . . Sallie A. Hocutt," upon her dying without bodily heirs, which is found as a fact, and judgment was thereupon entered that "the said real estate reverted to the heirs at law of the said J. R. Blinson," making good the deed from the heirs of the testator to the defendants.

It is apparent from a reading of the above testamentary clause that some of the materials of construction will be needed in this case.

The appropriate ones would seem to be:

1. The end to be sought in the interpretation of wills is to discover the intent of the testator, looking at the instrument from its four corners, and to give effect to such intent, unless at variance with some rule of law or contrary to public policy. *Williams v. Rand,* 223 N. C., 734; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356.

2. In ascertaining the meaning of particular parts, the intention of the testator is to be gathered from the will as a whole. Apparent inconsistencies are to be reconciled, if reasonably accomplishable, so as to give effect to each in accordance with the general purpose of the will. 28 R. C. L., 217. "Every part of a will is to be considered in its construction, and no words ought to be rejected if any meaning can possibly be put upon them. Every string should give its sound." *Edens v. Williams,* 7 N. C., 31.

3. A presumption exists that a testator intends to dispose of his entire estate and not to die intestate as to any part of his property. *Gordon v. Ehringhaus,* 190 N. C., 147, 129 S. E., 187; *Powell v. Wood,* 149 N. C., 235, 62 S. E., 1071; 28 R. C. L., 227. Testacy presupposes no intestacy. *Reeves v. Reeves,* 16 N. C., 386.

Applying these principles to the subject case, it seems clear the first contention of the plaintiffs that the devise to the testator's wife is in fee cannot be sustained. *Parks v. Robinson,* 138 N. C., 269, 50 S. E., 649. At most, it is a life estate with power of disposal. *Smith v. Mears,* 218 N. C., 193, 10 S. E. (2d), 659.

Speaking to the question in *Chewning v. Mason,* 158 N. C., 578, 74 S. E., 357, *Walker, J.,* delivering the opinion of the Court, concluded: "We may, therefore, take the rule to be settled that where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee."

The second contention of the plaintiffs is more difficult. But first a word in respect of the intervening claim of the heirs and next of kin of Sallie A. Hocutt. She took a life estate in remainder with limitation to her bodily heirs, if any, and if none, then over. *Murdock v. Deal,* 208 N. C., 754, 182 S. E., 466. This excludes the application of the rule in *Shelley's case, Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15, and as Sallie A. Hocutt died without bodily heirs the devise to her terminated at her death.

The question then arises, Who takes under the ulterior limitation?

It will be observed that the testator first gives to his wife her lifetime all of his property "land and all," and at her death "the land" is to go to Sallie A. Hocutt her lifetime and finally upon the happening of an uncertain event it goes "back" to the testator's kin and his wife's kin "all except the land," but his wife can do as she pleases with it. In other words, the testator wanted his wife to do as she pleased with all of his property, and he was desirous that his wife's kin should contingently share in all "except the land." This seems manifest from the repeated expression that the testator's wife can do as she pleases with "it," the land. *Trust Co. v. Lindsay,* 210 N. C., 652, 188 S. E., 94. Then, too, the word "back" may connote to its former family ownership.

The foregoing harmonization of the different clauses avoids any intestacy and gives effect to all parts of the will in accordance with the general rules of construction. "The object of all interpretation is to arrive at the intent and purpose expressed in the writing, looking at the instrument from its four corners, and to effectuate this intent and purpose unless at variance with some rule of law or contrary to public policy." *Krites v. Plott,* 222 N. C., 679, loc. cit. 683, 24 S. E. (2d), 531. On the other hand, to say the entire ulterior limitation has no application to the land would be to pose the question whether Sallie A. Hocutt takes a fee under the rule in *Shelley's case, Glover v. Glover, ante,* 152; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60, as against a reversion to the

---

---

heirs of the testator. *Baugham v. Trust Co.,* 181 N. C., 406, 107 S. E., 431.

Of course, much could be written in probing the mind of the testator, but it all comes at last to divining his intent from the language of the will. In this case it may be "no more than guesswork," *Clement v. Whisnant,* 208 N. C., 167, 179 S. E., 430, as the clause in question is very cloudily expressed, nevertheless by applying the rules of construction the intent is thus legally ascertained; whereas, if ignored, the Court might become the creator, rather than the discoverer, of the intent. After all, wills are made by testators. *Thomas v. Houston,* 181 N. C., 91, 106 S. E., 466. "If a will is sufficiently distinct and plain in its meaning as to enable the court to say that a particular person is to take, and that a particular thing passes, that is sufficient; and it must be construed upon its face without resorting to extraneous methods of explanation to give it point. Any other rule would place it practically within the power of interested persons to *make* a testator's will, so as to meet the convenience and wishes of those who might claim to take under it"— *Merrimon, J.,* in *McDaniel v. King,* 90 N. C., 597.

Since our conclusion has the same effect as the judgment below—the same persons taking the same estate whether by remainder or reversion, *Baugham v. Trust Co., supra*—the result will not be disturbed.

Affirmed.

BARNHILL, J., dissenting: In my opinion the testator expressed the intent that his wife should take all his property and that she might "do as she pleases" with all of it except the land. The land was to go to her for life, and then to Sallie A. Hocutt for life, with remainder to her bodily heirs, if any, and if none then to his kin and his wife's kin. If so, the will in effect reads:

"I give to my wife all the property that I own her lifetime, land and all, to do as she pleases with all of it except the land. At her death the land is to go to Sallie A. Hocutt for her lifetime and then to her bodily heirs, if any, and if none back to my kin and my wife's kin. As to all my estate except the land my wife can do as she pleases with it."

Under the construction of the majority opinion the gift of the land after the first life estate is meaningless. "At her death the land is to go to Sallie A. Hocutt for her lifetime and then to her bodily heirs if any and if none back to my kin and my wife's kin all except the land." The testator was here dealing only with the land. Thus, if the majority conclusion is correct he gave and he took away in the same breath.

Accepted rules of construction require us, if possible, to so construe the language used as to give effect to each and every part thereof. But the majority thus negates one of the most important provisions of the will.

It is to be noted that there was no gift over of the personal property. This evidences an intent that his wife should have the right to "do as she pleases" with it. On the other hand, there was a specific limitation over of the land, carefully guarding against any lapse for failure of a taker. This to my mind confirms the view that the wife was not to "do as she pleases" with the land.

The testator and his wife had no children. There was an adopted daughter, Sallie A. Hocutt. No doubt, as is so often the case, he and his wife had accumulated what estate he possessed. Hence, if the gift to the adopted daughter failed he wanted his kin and his wife's kin to share equally in the land, the fruits of their joint efforts.

It follows that I am of the opinion that the plaintiffs are cotenants and that the judgment below should be reversed.

SEAWELL, J., concurring in dissent: In the case at bar, I think we may indulge the presumption against intestacy without feeling we have resorted to a merely mechanical device. In that event, I think we ought not to permit the expressions in the will—jumbled as they are—to cancel out the testate intent if it can be reasonably discerned. As as alternative to that result, I believe the view taken by *Mr. Justice Barnhill* is the more reasonable interpretation of what the testator wanted to do with his property.

He may not have been as consistent as he was insistent, but I get the impression that he wanted the land to go to his own and his wife's kin, and so vote.