ANDREW WILLIFORD LANCASTER v. CATHERINE DELLA LANCASTER, LUCY LANCASTER DRAUGHN AND HUSBAND, CHARLES DRAUGHN, EMILY P. LANCASTER, JOSEPH L. LANCASTER, PIERPONT MORGAN LANCASTER, DAVID W. ISEAR, GUARDIAN AD LITEM.

(Filed 18 March, 1936.)

1. **Wills E d—Held: Under terms of this will, if contingent limitation over should be defeated, property would not revert to testatrix' estate, but would go to brothers and sisters of life tenant.**

   Testatrix' will provided that a certain sum should be used by her executor in the purchase of a home for each of the children of a specified person, who was no kin to testatrix, that each of the named beneficiaries should have a life estate in the property purchased for him or her, with remainder over to the child or children surviving such beneficiary. Testatrix later executed a codicil directing that if any one of the named beneficiaries should die before testatrix' death, "and the payment to him or her by my executor of his or her devise after my death," the share of such beneficiary should be used for the other beneficiaries of the class, share and share alike. *Held:* Upon the death of any one of the named beneficiaries without issue him or her surviving, real estate purchased for such beneficiary under the provisions of the will would not revert to the estate of testatrix and descend to her heirs at law, but would go to the brothers and sisters of such beneficiary as members of the class.

2. **Life Estates and Remainders C a—Heirs at law of testatrix held not necessary parties for sale of contingent remainder for reinvestment.**

   Under the terms of the will in this case certain beneficiaries, who were brothers and sisters but no kin to testatrix, were given, respectively, a life estate in certain property, with contingent limitation over to the child or children him or her surviving, with further provision that if any beneficiary should die without child or children him or her surviving, the property should vest in the brothers and sisters of such beneficiary. *Held:*

22—209

In a proceeding under N. C. Code, 1744, for the sale of the property of one of the named beneficiaries for reinvestment, the heirs at law of testatrix are not necessary parties, since if the contingent limitation over to the child or children of such beneficiary should be defeated, the property would not revert to the testatrix' estate, but would go to the brothers and sisters of the beneficiary dying without issue.

APPEAL by respondent J. T. McCraw from *Harris, J.,* at February Term, 1935, of WILSON. Affirmed.

The clerk of the Superior Court of Wilson County, N. C., rendered the following judgment:

"In the above entitled action or special proceeding pending in this court, a rule was duly issued to J. T. McCraw, commanding him to appear and show cause, if any he had, why he should not accept the deed tendered to him, and to pay the purchase price for the real estate agreed by him to be purchased as set forth in the petition and former judgment herein; in obedience to said rule the said respondent J. T. McCraw now appears in court by his attorneys, F. L. Carr, Jr., and Connor & Connor, and files answer to said rule, stating that:

" '1. That the land described in the petition in this cause was conveyed unto Andrew W. Lancaster by the deed of W. E. Smith, a copy of which is attached to the petition. That as will be seen by reference had to the petition herein and the deed attached thereto, the said land was conveyed to Andrew W. Lancaster to be held under the terms of the will of Catherine Fryar, a copy of which is attached to the petition herein. Reference is hereby made to the said deed and said will.

" '2. That the plaintiff and the defendants named in this action are not related by blood or marriage to Catherine Fryar, and that the heirs at law of Catherine Fryar have not been joined as defendants in this action, and that should the remainder over upon the death of Andrew W. Lancaster without issue descend to the heirs at law of Catherine Fryar, or any other person or class of persons not named in this action, then the respondent is advised, informed, and so believes that this action would be null and void as to such persons or class of persons, and his title to the said tract of land would thereby be rendered defective.

" '3. Respondent has been advised that it is a doubtful question of law as to whether deed therefor offered to him by Andrew W. Lancaster and S. G. Mewborn, commissioner, conveys unto him a good and indefeasible title in fee to said property.'

"The court, upon due consideration of the answer filed herein by said respondent, orders, decrees, and adjudges:

"1. That all parties necessary to this action and its determination have been made parties defendant thereto, and that the heirs at law of the said Catherine Fryar have and can have no interest whatever in said real estate, as the respondent admits, that the plaintiff and the named

defendants are not related by blood or marriage, nor were so related to said Catherine Fryar, deceased.

"2. That the deed made and executed under the order of this court by said Andrew W. Lancaster and S. G. Mewborn, commissioner, does convey unto the said respondent J. T. McCraw a good and indefeasible title thereto in fee:

"3. That the said respondent J. T. McCraw accept said deed so tendered to him and that he pay said agreed purchase price therefor, as hereinbefore adjudged, and that in default thereof that said real estate be sold at public auction for cash at the courthouse door in the town of Wilson by said commissioner after due advertisement thereof, for and at the risk of said respondent J. T. McCraw.

"That this cause of action be and the same is retained for such other and further orders as the court may adjudge proper in the premises. This 7 February, 1936.   M. D. Owens, C. S. C., Wilson County."

The court below rendered the following judgment: "This cause coming on to be heard at this term of the Superior Court of Wilson County upon the appeal of the respondent J. T. McCraw from a judgment of the clerk of the Superior Court for Wilson County, rendered in this action, and being heard by his Honor, W. C. Harris, judge presiding, the court adopts the findings of fact and the conclusions of law as rendered by the clerk in his judgment herein and affirms said judgment in all respects, and this cause is remanded to the clerk for such other orders as he may deem proper in the premises.   W. C. Harris, Judge presiding."

J. T. McCraw, respondent, excepted and assigned error to the foregoing judgment and appealed to the Supreme Court.

*S. G. Mewborn for plaintiff.*

*Fred L. Carr, Jr., and Connor & Connor for J. T. McCraw, respondent.*

CLARKSON, J.   The only question presented on this appeal is: Were the heirs at law of Catherine Fryar, deceased, necessary parties to be joined as defendants in this action?   We think not.

Catherine Fryar, who was no relation to the parties to this controversy, made a will on 17 July, 1926, which was duly probated.   Item 2, in part, is as follows: "To Andrew Williford Lancaster $4,000.   . . . The herein mentioned bequests and devises to Andrew Williford Lancaster, Catherine Della Lancaster, Lucy Williford Lancaster, and Emily Peninah Lancaster is not to be paid directly to them by my said executor, but is to be used by him and for them in the purchase and acquisition of a home or in real estate for them and each of them, title thereto being

taken to them and each of them for their lifetime, remainder to their children or issue in such manner that each of said devisees shall have only a lifetime right or title therein, the remainder to vest in such child or children as the said devisee may have surviving them, him, or her at his or her death. The selection of the home or real estate to be made by such devisee and the payment therefor to be made by my executor out of or from the bequest and devise hereinbefore provided."

This provision of the will was carried out, and W. E. Smith and wife deeded to plaintiff certain lots of land—the provision in the deed is as follows (substantially the words of the will) : "To Have and to Hold, unto him the said Andrew W. Lancaster, to him for his lifetime, remainder to his child, children or issue, in such manner that the said Andrew W. Lancaster shall have only a lifetime right or title therein, remainder to vest in such child or children as he may leave surviving him at his death, as set out and provided for in the last will and testament of Catherine Fryar, deceased, which last will and testament is fully recorded in the office of the clerk of the Superior Court of Wilson County, to which reference is here made."

Catherine Fryar, on 23 March, 1928, made a codicil to her will, which was duly probated. In Item 3 of the codicil the testatrix provided : "In the event of the death of any one of the children of Rosa Rebecca Lancaster (she was the mother of the plaintiff and the named defendants) before my death and the payment to him or her by my executor of his or her devise after my death, then and in such event the other brothers and sisters of the one so dying shall have and take and receive his or her devise, sharing equally among them therein; provided, such child shall leave no child or children surviving him or her, if child or children is left such one so dying, then same to be paid to such child or children or to their guardian."

Andrew W. Lancaster holds a life estate in these lots, and, under the long established decisions of this Court, any child or children which Andrew W. Lancaster may leave surviving him are the owners of a contingent remainder in fee of the property in question. *Starnes v. Hill,* 112 N. C., 1.

The respondent contends: "If a contingent remainder becomes impossible of vesting because of the determination of the life estate before the contingency upon which the remainder was limited has happened— *i.e.,* if the contingent remainder has perished it is the same as if it never existed. And where there is a remainder over and no remainderman to take, it will go. back to the estate and descend to the heirs of the testator." 23 R. C. L., pp. 517-18, part sec. 54.

The above principle is ordinarily true, but not applicable here. The plaintiff contends that Catherine Fryar did not die intestate as to the property in controversy.

In *Case v. Biberstein,* 207 N. C., 514 (515), is the following: "The law presumes that when a person who is capable of doing so undertakes to make a will, he does not intend to die intestate as to any part of his property. *Gordon v. Ehringhaus,* 190 N. C., 147, 129 S. E., 187. This presumption against partial intestacy has been applied in a number of cases," citing authorities.

Plaintiff contends: "That, as set forth in Item 3 of the codicil, these brothers and sisters should succeed in title the interest of anyone dying without child, children, or issue surviving him, she, or them." We think this contention correct according to the codicil of the will.

The executor, under Item 2 of the will and in compliance with the same, had the property in controversy deeded to plaintiff by W. E. Smith and with the contingent remainder as to his leaving surviving him a child or children. Nothing else appearing, there being a remainder over and no remainderman to take, ordinarily it would go back to the estate and descend to the heirs of the testator. But it seems that the codicil above quoted especially provides for two contingencies as to the vesting of the remainder: (1) Contingency upon the death of any one of the children of Rosa Rebecca Lancaster in the testatrix lifetime, and (2) after death of the testatrix these contingent remainders (the payment was made by the executor and the land in controversy purchased for plaintiff) are devised as follows: "Then and in such event the other brothers and sisters of the one so dying shall have and take and receive his or her devise, sharing equally among them therein; provided, such child shall leave no child or children surviving him or her, if child or children is left such one so dying, then same to be paid to such child or children or to their guardian." In other words, if plaintiff died without child or children, the remainder would go to his brothers and sisters.

This proceeding is brought under N. C. Code, 1935 (Michie), sec. 1744—"Remainder to uncertain persons; procedure for sale; proceeds secured."

In *Poole v. Thompson,* 183 N. C., 588 (599), it is said: "C. S., 1744, providing for the sale of land affected with certain contingent interests does not in its terms or purpose profess or undertake to destroy the interests of the contingent remaindermen in the property, but only contemplates and provides for a change of investment, subject to the use of a reasonable portion of the amount for the improvement of the remainder, properly safeguarded, with reasonable provision for protecting the interest of the unascertained or more remote remaindermen by guardian *ad litem,* etc., and is constitutional and valid."

For the reasons given, the judgment of the court below is

Affirmed.